CHARLES H. CHANDLER *vs.* JEREMIAH B. GREEN & another.

Piscataquis. Opinion April 19, 1879.

*Deed. Description. Construction.*

Where all the calls in a deed, except one, may be applied upon the face of the earth, making a true and intelligent description of the lot to which they are thus applied, the one not applicable will be rejected as false and the others will prevail.

ON REPORT.

WRIT OF ENTRY, dated July 1, 1875.

Plea, *nul disseizin.*
The full court to render such judgment as the law requires.
The facts sufficiently appear in the opinion.

*C. A. Everett,* for the plaintiff.
*E. Flint,* for the defendants.

DANFORTH, J. The plaintiff seeks to recover "all that part of lot numbered ten, range eight, Perham's survey of Dover, lying easterly of the old county road as traveled through Dover to Charleston and Bangor in 1853."

To prove his title he puts in a deed from Samuel Sias to Sam-

uel Sias, Jr., under which he claims to hold through several mesne conveyances. This deed, with certain exceptions not important to be noticed at this time, conveys to the grantee all the grantor's interest in his homestead farm on the easterly side of the road leading to Bangor, and it is admitted that it covers the premises described in the second count in the writ. The next deed in the plaintiff's chain of title is that from Samuel Sias, Jr., to James Thompson and Caleb O. Palmer, dated September 5, 1860. This deed conveys the same part of lot ten as the former, excepting " a certain part of the same previously conveyed to John Sias." By subsequent deeds, containing the same exception, the title to this lot comes to the plaintiff. It will be seen that the plaintiff gets no title to that part of lot ten which was previously conveyed to John Sias ; nor can we ascertain from any description in the deed what part of that lot his deed covers until we know how much of it was previously conveyed.

The defendant, as the foundation of his title, puts in the deed of Samuel Sias, Jr., to John Sias, dated July 4, 1855. This deed purports to convey a part of lot numbered eleven, range eight, and therefore it is claimed that it does not apply to, and cannot limit the plaintiff's title to any part of lot ten.

Assuming this to be so, the plaintiff must fail in his action. There is no other proof by deed of any part of lot ten conveyed to John Sias. As already seen plaintiff's deed excepts that, without any description of what it is. There is then no proof of the extent of plaintiff's land, or of the precise premises which his deed covers. It does not appear that he owns any particular part of lot ten, and as he must recover, if at all, upon the strength of his own title, in this state of the facts the judgment must be against him. It is not sufficient for an execution to issue for an indefinite part of ten. It would give no authority whatever to the officer serving it.

But the plaintiff is not in quite so unfortunate a dilemma. It is true that the deed purports to convey a part of lot eleven, but it also describes that part by definite bounds. If we begin, as the deed does, at the north-east corner of eleven, we cannot apply these bounds to the face of the earth and the deed can have no

effect whatever. But in the description we find certain definite courses and distances which lead to the county road, and thirty-four rods on that road to a stake and stones. Starting from this point and following each way the courses and distances given in the deed, and we find them all upon the face of the earth, making a clear and intelligible description conforming to that in the deed, except that it leads to the north-east corner of lot ten as the starting point instead of lot eleven as stated in the deed. To accomplish this result we do not find it necessary to resort to parol evidence except for the purpose of finding the monuments upon the face of the earth. The result is, that, as applied to a part of lot eleven, the deed is so much of it false that it is void; as applied to lot ten, all of the description is true except the starting point, and that can be ascertained by that which is true.

Under these circumstances, by well established principles of law, the false is to be discarded, and the true adopted. *Jones* v. *Buck*, 54 Maine, 301; approved and explained in *Jones* v. *McNarrin*, 68 Maine, 334.

Furthermore, John Sias had possession of the land when the deed to him was given, and it has been in his possession and that of his grantees ever since, and was so when the plaintiff took his deed, excepting the conveyance of a part of lot ten to Sias.

It is certainly clear that the defendant can hold the part of lot ten as described in that deed as against this plaintiff, however it might be as against a subsequent purchaser without notice, and the plaintiff must hold under his deed, limited by the title of the defendant.

Thus the question between the parties is simply one of a disputed line, just what, as we may suppose from the testimony in the case, was the only one raised at the trial.

The survey shows the line as described in the deed to be substantially where the defendant claims. According to the testimony of the defendant, corroborated by other testimony and contradicted by none, John Sias was in possession, at the time he received his deed, holding up to a fence then standing upon the north line now claimed by the defendant, which fence has stood as the line fence ever since. This can leave no doubt that the

true line between these parties is that delineated on the plan and marked A, C, B.

At the trial the defendant had leave to file a disclaimer but did not do so. From the report of the case we see no chance for any misunderstanding as to the precise question to be tried; nor does it appear that the plaintiff has lost anything by the neglect of the defendant to file his disclaimer at an earlier period. He may there fore do so now, and upon filing a disclaimer to all that part of the premises claimed which lies north and west of the line A, C, B, judgment may be entered in his favor.

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.